UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ryan Goldberg and Patricia Goldberg, Individually and as Parents and Natural Guardians of H.G., and I.G., Minors,

Plaintiffs,

v.

Officer Patrick McCormick, Officer Ben Nordskog, and Officer Michael Renier,

Defendants.

Civ. No. 17-919 (PAM/LIB)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. As stated at the hearing, and for the following reasons, the Motion is granted.

**BACKGROUND**

The Amended Complaint contains very few factual allegations. On June 5, 2016, at about 4:00 a.m., Defendant Officers Patrick McCormick, Ben Nordskog, and Michael Renier entered the home of Plaintiffs Patricia and Ryan Goldberg, allegedly without justification or a warrant. (Am. Compl. (Docket No. 8) ¶ 8.) While in the house, Defendants became concerned about the welfare of Plaintiffs' two children, and they reported this concern to the St. Louis County Child Protection Services. (Id. ¶ 18.) According to Plaintiffs, the warrantless entry and subsequent reporting caused them emotional distress. (Id. ¶ 11.)

The Amended Complaint raises § 1983 claims that Defendants violated Plaintiffs' Fourth Amendment rights by entering their home without justification, and state law

claims of invasion of privacy and infliction of emotional distress.  Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

**DISCUSSION**

The Court reviews a Rule 12(c) motion to dismiss "under the standard that governs 12(b)(6) motions." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the allegations in the Amended Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the non-moving party.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  But the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled. Westcott, 901 F.2d at 1488.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550 U.S. at 556.

Defendants first contend that, because Plaintiffs' § 1983 claims are brought against them in their official capacity, these claims fail. Defendants note that the Amended Complaint does not indicate Plaintiffs' intent to sue them in their individual capacities. "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Without such a statement, "the suit is construed as being against the defendants in their official capacity." Id. Suing a public employee in his official capacity "is merely a suit against the public employer." Id.

The Amended Complaint does not expressly and unambiguously state whether Plaintiffs are suing Defendants in their individual or official capacities, alleging only that "Defendants . . . were employed by the City of Duluth." (Am. Compl. ¶ 3.) The Court thus construes this suit as an official-capacity suit. But Plaintiffs did not include Defendants' employer, the City of Duluth, as a party in this matter. Consequently, Counts I and II must be dismissed because Plaintiffs failed to include the proper parties. In the alternative, Plaintiffs did not properly plead those claims if they intended to sue Defendants only in their individual capacities.

Defendants next argue that the Amended Complaint fails to allege the requisite facts to support a valid state-law claim. Counts III and IV do not identify any specific tort claims, and instead only claim invasion of "Plaintiffs' Rights to Privacy" and "Infliction of Emotional Distress." (Am. Compl. at 3.) Plaintiffs do not dispute Defendants' characterization of Count III as a cause of action for intrusion upon seclusion and Count IV as a claim for intentional infliction of emotional distress.

A claim of intrusion upon seclusion includes three elements: "(a) an intrusion; (b) that is highly offensive; and (c) into some matter in which a person has a legitimate expectation of privacy." Swarthout v. Mut. Serv. Life Ins. Co., 632 N.W.2d 741, 744 (Minn. Ct. App. 2001).  To recover on an intentional-infliction-of-emotional-distress claim, Plaintiffs must establish four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438-39 (Minn. 1983).  Additionally, subject to enumerated exceptions, municipalities may only be liable for the torts of their employees acting within the scope of their employment or duties.  See Minn. Stat. § 466.02.

Here, Plaintiffs only allege that Defendants "were dispatched to investigate a disturbance" located around Plaintiffs' house.  (Am. Compl. ¶¶ 3, 5.)  But they do not allege that Defendants acted within the scope of their employment by entering their home.  On this basis alone, Plaintiffs' state tort claims fail.  Additionally, regarding the emotional distress claim, the Amended Complaint alleges that Defendants acted maliciously, that "Plaintiffs' reputations as caring responsible parents were harmed," and that they "have suffered irreparable harm up to the time of trial and more than likely, will suffer irreparable harm in the future."  (Id. ¶¶ 18-21.)  These allegations are insufficient to maintain an actionable claim of intentional infliction of emotional distress.

Plaintiffs argue that they satisfied the elements of intentional infliction of emotional distress because the conduct alleged was "outrageous" and without basis.  (Pls.' Supp. Mem. (Docket No. 33) at 3.)  But based on the facts alleged, the Court can

4

only speculate that Defendants' conduct was extreme and outrageous, and that Plaintiffs' emotional distress is severe. Additionally, the Amended Complaint contains no allegation that Defendants' conduct was intentional or reckless. Indeed, the Amended Complaint alleges that Defendants acted "negligently and carelessly" regarding the very same conduct that forms the basis for Plaintiffs' emotional distress claim. (See Am. Compl. ¶ 14.) Thus, the Amended Complaint is insufficient to satisfy the elements of Plaintiffs' state-law claims, and Counts III and IV are dismissed.

Rather than dismiss Plaintiffs' claims with prejudice, justice requires that the Court grant Plaintiffs' leave to amend their pleadings. See Fed. R. Civ. P. 15(a)(2). Should they choose to amend, Plaintiffs must allege facts with enough specificity "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## CONCLUSION

The Amended Complaint does not allege facts that state any plausible claim of relief, but the Court grants Plaintiffs leave to amend their complaint. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion to Dismiss (Docket No. 28) is **GRANTED**; and
2. The Amended Complaint (Docket No. 8) is **DISMISSED without prejudice**.

Dated: January 26, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

5